```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
SIMONE SHORT,

     Plaintiff,                          MEMORANDUM & ORDER
                                         24-CV-4451 (JS)(ARL)
     -against-

ALPINE MOTORS INC. d/b/a WANTAGH
CERTIFIED,

     Defendant.

-------------------------------X

APPEARANCES


For Plaintiff:         Robert J. Nahoum, Esq.
                       The Law Offices of Robert J. Nahoum,
                       P.C.
                       1 Blue Hill Plaza, Suite 1509
                       Pearl River, New York 10965


For Defendant:         No appearance.
```

SEYBERT, District Judge:

On June 24, 2024, Plaintiff Simone Short (hereinafter, "Plaintiff" or "Short") commenced this truth-in-lending action against Defendant Alpine Motors Inc. (hereinafter, "Defendant" or "Alpine"). (See generally, Compl., ECF No. 1.) On August 7, 2024, Plaintiff filed the summons returned executed, showing Alpine was served on July 12, 2024, with a deadline of August 2, 2024 to answer the Complaint. (See ECF No. 8.)

Magistrate Judge Arlene R. Lindsay (hereinafter, "Magistrate Judge" or "Judge Lindsay") set an initial conference date for August 28, 2024. (See Aug. 26, 2024 Elec. Order.) Defendant failed to appear at the conference. (See ECF No. 9.) Thereafter, Judge Lindsay set a deadline for Plaintiff to move for default judgment by October 11, 2024.  (See id.)

Plaintiff filed her request for a certificate of default on September 13, 2024. (See ECF No. 10.)  The Clerk of Court entered default on September 20, 2024. (See ECF No. 11.)  On October 8, 2024, Plaintiff requested an extension of time to file her motion for default judgment (see ECF No. 12), which extension Judge Lindsay granted, giving a new deadline of November 12, 2024. (See Oct. 9, 2024 Elec. Order.)

On November 12, 2024, Plaintiff filed her motion for default judgment against Alpine (hereinafter, "Default Motion"). (See Default Mot., ECF No. 13.)  She served the Default Motion upon Alpin.  (See Cert. of. Serv., ECF No. 13-14.)  Alpine never filed an opposition. (See Case Docket, in toto.)

On April 4, 2025, the undersigned referred Plaintiff's Default Motion to Judge Lindsay for a Report and Recommendation. (See Apr. 4, 2025 Elec. Order.)  On August 6, 2025, Judge Lindsay issued a Report and Recommendation (hereinafter, "Report" or "R&R") recommending the Court deny Plaintiff's Default Motion and dismiss Plaintiff's Complaint.

2

Judge Lindsay gave Plaintiff notice: "Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order." (R&R at 11.) However, to date, Plaintiff has not filed any objections to the Magistrate Judge's Report. (See Case Docket, in toto.)

For the reasons stated herein, the R&R is ADOPTED as modified; therefore, Plaintiff's Default Motion is denied, and her Complaint is dismissed.

## BACKGROUND

I. Factual and Procedural Background

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R. (R&R at 2-5.) See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of the factual and procedural background of the case, upon clear error review, adopting and incorporating same into court's order).

II. Judge Lindsay's R&R

Judge Lindsay's Report is summarized as follows:

Judge Lindsay first addressed Plaintiff's failure to discuss, in her memorandum of law in support of her Default Motion

3

(See Support Memo, ECF No. 13-9), the required elements of each of the seven causes of action set forth in the Complaint, and that Plaintiff seeks damages only as to her claims under the Truth in Lending Act ("TILA"), New York General Business Law ("NYGBL"), and common law fraud.  (R&R at 7.)   Judge Lindsay also noted Plaintiff's cause of action under the Magnuson-Moss Warranty Act ("MMWA") fails because Plaintiff "concededly failed to obtain a warranty for the purchased vehicle" and Plaintiff has not met the $50,000 jurisdictional threshold. (Id. at 7 n.1.)   Judge Lindsay explained "the Court must determine that the allegations set forth in the [C]omplaint state valid claims."   (See id. at 7.)

Judge Lindsay proceeded to evaluate Plaintiff's TILA Claim, concluding that, because (1) "a valid contract is a prerequisite to invocation of TILA protections," and (2) Plaintiff alleged (a) the contract was forged by Alpine, and (b) upon learning of the forgery, returned the vehicle, "manifesting an intent to rescind the agreement," Plaintiff did not "ratify the forged agreement."   (R&R at 7-10.)   Hence, there is no binding agreement, meaning Plaintiff cannot assert a claim under the TILA. (See id.)   Therefore, Judge Lindsay recommended Plaintiff's Default Motion on her TILA claim be denied. (Id. at 10.)

Judge Lindsay then explained that according to the Complaint, the Plaintiff alleged the Court had jurisdiction over the matter pursuant to 15 U.S.C. § 1640 of the TILA, with no other

4

basis for federal jurisdiction being alleged. (Id. (citing Compl. ¶ 4); see also Civil Cover Sheet, ECF No. 2, § 2 (identifying "Federal Question" as "Basis of Jurisdiction").) Therefore, in light of her recommendation with respect to Plaintiff's TILA claim, the Court "must examine whether it has jurisdiction over the remaining claims." (Id.) Judge Lindsay determined, sua sponte, the Court does not have subject matter jurisdiction because: (1) Plaintiff failed to state a claim for violation of the TILA (and has failed to meet the statutory damages requirement for a MMWA claim); and (2) even if diversity between the parties exists, Plaintiff has failed to allege damages sufficient to meet the jurisdictional threshold for diversity jurisdiction. (Id.) Thus, because of the lack or subject matter jurisdiction, Judge Lindsay recommended Plaintiff's Complaint be dismissed. (Id.)

III. Plaintiff's Objections to the R&R

As stated above, Plaintiff has not filed any objections to Judge Lindsay's Report. (See Case Docket, in toto.)

## DISCUSSION

I.  Legal Standards

   A. Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo, see

5

Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). However, any portion of an R&R to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. See Owusu v. N.Y.S. Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009); see also Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).  Moreover, the Court need not review the findings and conclusions to which no proper objection has been made.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).

II. Analysis

    A. Clear Error Review is Warranted

Here, in the absence of any objections, the Court reviews Judge Lindsay's R&R for clear error.  See Owusu, 655 F. Supp. 2d at 312-13; see also Bassett, 93 F. Supp. 3d at 100-01.

    B. Clear Error Review of Judge Lindsay's Report

Upon careful review and consideration, the Court finds the Magistrate Judge's R&R to be comprehensive and well-reasoned; it agrees with the Magistrate Judge's recommendation of dismissal regarding Plaintiff's TILA claim.  However, for the reasons stated herein, the Court dismisses the balance of Plaintiff's Complaint for different reasoning.

Judge Lindsay determined, sua sponte, the Court does not have subject matter jurisdiction over the reaming causes of action because Plaintiff failed to state a claim for violation of the

6

TILA (and has failed to meet the statutory damages requirement for a MMWA claim). (R&R at 10.)

To determine whether a district court has federal question jurisdiction, the inquiry "depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) (citation modified). In the event it does, a district court "has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id. (citation modified). Thus, "whether a plaintiff has pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits." Id.

That is what Plaintiff did here; she pled a jurisdiction-conferring claim, i.e., her TILA claim. It is not evident to the Court that Plaintiff did so to be frivolous or solely for the purposes of gaining jurisdiction. See id. Nonetheless, this Court does agree with Judge Lindsay that Plaintiff has not stated a legally cognizable claim for relief on the merits of her TILA claim, or her MMWA claim. Thus, those claims should be dismissed, and default should not be granted as to those claims.

With no further federal claims, the next step in the jurisdictional inquiry is whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Where "federal-law claims are eliminated . . . the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (citation modified); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."). Thus, for those reasons, and because Plaintiff has not otherwise objected to Judge Lindsay's R&R, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and dismisses them without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, the Court ADOPTS the R&R as modified; therefore, the Court DENIES Plaintiff's Default Motion and DISMISSES the Complaint.

## CONCLUSION

Accordingly, for the stated reasons, IT IS HEREBY ORDERED that:

I. The R&R (ECF No. 14) is ADOPTED, as modified, with:

8

    A.    Plaintiff's Default Motion (ECF No. 13) being DENIED; and

    B.    Plaintiff's Complaint (ECF No. 1) being DISMISSED, without prejudice as to the state law claims;

IT IS FURTHER ORDERED that Plaintiff is ORDERED to serve a copy of this Order on Defendant; and

IT IS FURTHER ORDERED that The Clerk of Court is directed to mark this case as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 18, 2025
       Central Islip, New York